UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher DeSousa,   Case No. 22-cv-1615 (WMW/ECW)

        Plaintiff,

              **ORDER**

   v.

Go Brands, Inc.,

        Defendant.

Before the Court is the parties' joint stipulation to stay action pending arbitration. (Dkt. 20.) The parties represent that they have agreed to arbitrate whether the claims in this action are subject to mandatory arbitration. The parties request an order from this Court staying this action until the earlier of (1) the arbitrator determining that any or all claims in this action should be tried before the Court or (2) the resolution of the arbitration.

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court has broad discretion to stay proceedings when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Matters relevant to the district court's determination of whether a stay is warranted include docket

control, conserving judicial resources and facilitating the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964–65 (D. Minn. 1998).

A stay of these proceedings permits an arbitrator to resolve whether any or all of the claims in this matter should be tried before this Court or resolved through arbitration. A stay also moots Defendant's pending motion to compel arbitration. In addition, both parties jointly request the stay. In light of these circumstances, the Court concludes that a stay is warranted. Accordingly, the Court stays these proceedings pending arbitration pursuant to the terms of the parties' joint stipulation and denies Defendant's motion to compel arbitration without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The parties' joint stipulation to stay action pending arbitration (Joint Stipulation), (Dkt. 20), is **GRANTED**.

2. This action is **STAYED** until the Court receives notice from the parties, pursuant to paragraphs 5 and 7 of the Joint Stipulation.

3. Every 120 days, and no later than 30 days after either of the events outlined in paragraph 5 of the Joint Stipulation occurs, the parties shall file a joint status report in this case.

4. Defendant's motion to compel arbitration, (Dkt. 13), is **DENIED WITHOUT PREJUDICE**.

5. The September 14, 2022 hearing on Defendant's motion to compel arbitration is **CANCELLED**.

Dated: August 12, 2022                                  s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge